# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ERIC S. VAN RAVENSWAAY** | ) | CASE NO.: |
| | ) | **JUDGE:** |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| **MICHAEL CHERTOFF,** | ) | |
| **Secretary of the Department of** | ) | |
| **Homeland Security** | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| **and** | ) | **FOR WRIT OF MANDAMUS** |
| | ) | |
| **CONDOLEEZZA RICE** | ) | |
| **U.S. Secretary of State** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MICHAEL MUKASEY,** | ) | |
| **Attorney General** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **LISA BOBBIE SCHREIBER HUGHES** | | |
| **US Ambassador to Suriname** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Defendants** | | |

COMES NOW Eric S. Van Ravenswaay, Plaintiff in the above-styled and numbered case and for his cause of action would show the following:

1. This action is brought against the Defendants to compel action on a Petition to grant Plaintiff permission to enter the U.S. under a B-1 nonimmigrant visa; to challenge the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion. Defendants have failed to refer

1

Plaintiff's case to the Department for an advisory opinion, or reconsider their refusal, relating to the U.S. Embassy at Suriname refusing to grant petitioner a nonimmigrant visa or his subsequent petition for a waiver under 212 (d)(3). The U.S. Embassy in Suriname has stated the basis for refusing to issue Plaintiff's nonimmigrant visa since March 30, 2004 is under the INA §212(a)(2)(C).

## PARTIES

2.  Plaintiff is the Managing Director and Sole Shareholder of a Corporate entity known as NV Suriname Earth Moving Contractors. NV is an earthmoving company that started operations more than 16 years ago in 1991. NV has become the most recognized heavy equipment contracting company in Suriname, and currently employs more than 400 hundred employees. Plaintiff needs to travel frequently to the United States for business purposes with his US suppliers.

3.  Plaintiff first petitioned the U.S. Consulate in Paramaribo, Suriname in 2004 for a nonimmigrant visa. Plaintiff was advised on May 28, 2004, that his visa application was denied due to ineligibility under INA §212(a)(2)(c); and "you did not receive an explanation of the grounds for refusal of your application". See copy of the said letter annexed as **Exhibit "1"**.

4.  A further letter dated March 28, 2006 from the U.S. Consulate in Suriname, indicating that "the consular section is currently waiting a decision from the DHS".....further states that "we believe that a meeting would not be useful or productive, and would like to request your patience in waiting for the DHS determination". See copy of the said letter annexed as **Exhibit "2"**.

5.  Plaintiff subsequently sent a letter to the U.S. embassy in Suriname, stating his disappointment and disillusionment with the process and apparent attitude adopted by the U.S. Consulate in Suriname. Plaintiff was advised by consular

officer, Natalya Ioffe to apply for a waiver, notwithstanding that Plaintiff did not believe that he required a waiver and had any necessity to do so, in that he had done nothing wrong whatsoever. See copy of the said letter annexed as **Exhibit "3"**.

6. Plaintiff addressed a further letter to the U.S. Consulate in Suriname, on September 10, 2007. Plaintiff stated the history regarding his application for a nonimmigrant visa, and his suspicions regarding the reluctance of the U.S. Consulate in issuing him with the nonimmigrant visa he is seeking. See copy of the said letter annexed as **Exhibit "4"**.

7. Ms. Hughes, the U.S. Ambassador to Suriname addressed a letter to Plaintiff on October 19, 2007 that she contacted the Embassy consul and the Department of Homeland Security to illicit further information. She further indicated that DHS denied his request for a waiver, and that this was a "final decision". Ms. Hughes further stated that "We at the United States Embassy have no additional information that we can provide to you". See copy of the said letter annexed as **Exhibit "5"**.

8. Plaintiff was later informed indirectly via an email, that the denial was due to drug trafficking and an airplane. Plaintiff provided proof of sales transactions, confirming that his company had sold a plane to another party that subsequently may have been involved in illegal matters, which had nothing to do with Plaintiff or his company. Our client expressly denies all allegations of any illegal wrongdoings. Our client later found out from Officer Nataliya Ioffe at the US embassy that his visa denial was based on more than one incident/investigation apart from the incident with the plane, and given no further instructions as to the basis of his denial.

9. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security of the United States (the "Secretary"), and this action is brought against him in his official capacity. He is generally charged with the enforcement of the Immigration and Nationality Act ("INA"), and is further authorized to delegate

3

such powers and authority to subordinate employees of the Department of Homeland Security. INA S103 (a); 8U.S.C. S1103 (a). More specifically, the Secretary is responsible for the adjudication of applications for adjustment of status filed pursuant to INA S245, 8 U.S.C. S1255. The USCIS is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

10. Defendant Michael Mukasey is the Attorney General of the United States and this action is brought against him in his official capacity.

11. Defendant, Condoleezza Rice is the Secretary of State of the United States and is sued herein in her official capacity. Defendant Rice is responsible for the administration of the Immigration and Nationality Act as it relates to American consular offices. 8 U.S.C. 1104. Her rulings on matters of law are binding on American consular officers. 22 C.F.R. 41.121(d).

12. Defendant, Ms. Hughes is the United States Ambassador assigned to the United States Embassy in Suriname, under the jurisdiction of Defendant, Rice. This Defendant is sued herein in her official capacity.

## JURISDICTION

13. Jurisdiction in this case is proper under <u>Patel v. Reno</u>, 134 F.3d 929 (9th Cir. 1997), and <u>Mulligan v. Schultz</u>, 848 F.2d 655 (5th Cir 1988), and 22 C.F.R. S 40.6 (c) (d) (e), 28 U.S.C S1331 and 1361, 5 U.S.C  S 701, et seq., and 28 U.S.C S2201 et seq. Relief is requested pursuant to said statutes.

## VENUE

14. Venue is proper in this court pursuant to 28 U.S.C S1391 (e), in that this action against officers and agencies of the United States in their official capacities, brought in a District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. More specifically, discussions and court proceedings took place within the jurisdiction of this court.

## CHALLENGING THE AUTHORITY OF THE SECRETARY OF STATE

15. Plaintiff has exhausted his administrative remedies. Plaintiff is not challenging the discretion of consul, but rather the authority of the Secretary of State, per Mulligan v. Schultz, 484 F. 2d 655 (5th Cir 1988), and Patel v. Reno 134 F.3d 929 (9th Cir. 1997).

## REFUSALS OF VISAS SHOULD BE IN CONFORMANCE WITH THE PROVISIONS OF 22 C.F.R 40.6 (c) (d) (e)

16.    Under 22 C.F.R. S 40.6 (c), Plaintiff was denied the opportunity to overcome his ineligibility, even after presenting additional evidence, and his case was not referred to the Department for an advisory opinion.  Under 22 C.F.R. S 40.6 (d), the Department did not request a report from the consular officer to review their denial of Plaintiff's immigrant visa .  Under 22 C.F.R. S 40.6 (e), Plaintiff was denied reconsideration of refusal, despite Plaintiff remitting evidence and a waiver to overcome the ground of ineligibility on which the refusal was based.

## CAUSE OF ACTION

17. Plaintiff, as the Managing Director and sole shareholder of NV Suriname Earth Moving Contractors, a company employing more than 400 hundred employees in Suriname applied for a B-1 nonimmigrant visa in 2004.

18. Plaintiff's B-1 nonimmigrant visa application was denied, citing §212(a)(2)(C) as the basis for the denial.

19. Plaintiff to no avail, as previously documented by his correspondence with the US Consulate in Suriname has been unable to receive a basis for this decision and his previous attempts to file waivers have been unsuccessful.

20. The 212 (d)(3) waiver of inadmissibility allows a waiver of inadmissibility to individuals who seek to enter the US as non-immigrants. Thus, an individual who may not regain permanent residence in the U.S. may be successful in visiting family and friends, attend conferences, or even work and invest on an extended basis, through the issuance of this waiver.

21. A waiver under INA §212 (D)(3) is discretionary. IN Matter of Hranka (16 I&N Dec. 491 BIA 1978), the Board of Immigration Appeals (BIA) set for the requirements for considering such a waiver. The BIA noted that there is no requirement that the applicant's reasons to enter the United States be "compelling". The BIA stated there were three factors for consideration, which Plaintiff clearly overcomes:

    A. The risk of harm to society – Plaintiff poses no risk of harm to society.

    B. The seriousness of the applicant's criminal law violation – Plaintiff has no criminal law violation, therefore this point is moot.

    C. The nature of the applicant's reasons for wishing to enter the U.S. – Plaintiff has substantial business interests, both in Suriname, and potential business interests in the United States, which urgently require his attendance. Plaintiff has also provided the US Consulate in Suriname with invitation letters

from business men in the United States wishing to do business with Plaintiff.

22. The refusal of the United States Consulate/DHS to act affirmatively in this matter is arbitrary and not in accordance with the law. It is submitted that the parties have willfully and unreasonably delayed and refused to properly adjudicate this matter, depriving Plaintiff of the right to a formal and substantive decision on his status and peace of mind, to which he is entitled.

23. The US Consulate in Suriname has a duty to adjudicate Plaintiff's application in the light of the facts contained above, but has not done so.

24. The US Consulate, in violation of the Administrative Procedures Act, 5 U.S.C. §555(b), 701 et seq, unlawfully withheld delaying action to the detriment of Plaintiff, failed to carry out of adjudicative functions delegated to them by law in regard to Plaintiff's case.

25. Jurisdiction in this case is proper under Patel v. Reno, 134 F.3d 929 (9th Cir. 1997), and Mulligan v. Schultz, 848 F.2d 655 (5th Cir 1988), and 22 C.F.R. S 40.6 (c) (d) (e), 28 U.S.C S1331 and 1361, 5 U.S.C  S 701, et seq., and 28 U.S.C S2201 et seq. Relief is requested pursuant to said statutes.

26. Plaintiff has exhausted his administrative remedies. Plaintiff is not challenging the discretion of consul, but rather the authority of the Secretary of State, per Mulligan v. Schultz, 484 F. 2d 655 (5th Cir 1988), and Patel v. Reno 134 F.3d 929 (9th Cir. 1997).

27. Under 22 C.F.R. S 40.6 (e), Plaintiff was denied reconsideration of refusal, despite Plaintiff remitting evidence to overcome the ground of ineligibility on which the refusal was based.

28. The APA provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706 (1); see also 5 U.S.C. §555(b) (requiring agencies to conclude matters presented to them "within a reasonable time"); Mastrapasqua v. Shaughnessy, 180 F.2d 999, 1002 (2d Cir. 1950) ("in appropriate circumstances, [courts] can ....compel an official to exercise his discretion where he has obviously failed or refused to do so").

29. Under the APA and the mandamus power, courts have afforded relief to those aggrieved by unreasonable delay in the adjudication of visa applications. Kim v Ahscroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) (noting that "although there is no statutory or regulatory deadline by which the [agency] must adjudicate [an immigration] application, at some point defendants' failure to take any action runs afoul of [the APA]"; id. (stating that agency "does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely") (Internal quotation marks omitted); Agbemaple v. INS, 1998 WL 292441, *2(N.D. Ill. May, 18, 1998); Yu v. Brown, 36F. Supp. 2d 922, 929-30, 935 (D.N.M. 1999). Where delay is unreasonable, injunctive relief is warranted.

30. Patel v. Reno, 134 F.3d 929, 931-33 (9th Cir. 1998) (finding that delay was unreasonable and remanding with instruction to district court "to order the consulate to either grant or deny the visa applications" within 30 days); Raduga USA Corp. v. Dept of State, 2005 U.S. Dist. LEXIS 22941, *22(S.D. Cal. May 20, 2005) (finding that delay was unreasonable and ordering consul to adjudicate petition, despite government assurance that adjudication was imminent); Nadler v. INS, 737 F. Supp. 658, 659-60 (D.D.C. 1989) (noting earlier finding of unreasonable delay and order requiring government to adjudicate petition). Notably, in each of these cases the court granted relief even though no time frame for agency action had been specified by Congress or the agency itself.

31. Plaintiff has been damaged by the failure of Defendants to act in accordance with their duties under the law.

32. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. Sections 555(b), 701 et seq, are unlawfully withholding or unreasonably delaying action to the detriment of Plaintiff, have failed to carry out the adjudicative functions delegated to them by law in regard to Plaintiff's case.

## REQUEST FOR RELIEF

WHEREFORE in view of the arguments and authorities noted herein, Plaintiff respectfully prays that Court enters an Order:

1.  Compelling Defendants/U.S. Consulate in Suriname to adjudicate the Plaintiff's application.

2.  Compel Defendants/US Consulate in Suriname to offer Plaintiff precise reasons for denying his nonimmigrant petition and furthermore afford Plaintiff the right to refute any charges alleged.

3.  Grant Plaintiff's nonimmigrant visa affording him the opportunity to come to the US temporarily.

4.  Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

_____
Grant Kaplan, Esq.
Counsel for Plaintiff.
7100 W. Camino Real, Suite 100
Boca Raton, FL 33433
Tel: (561) 347-8337
Fax: (561) 347-8292

9

## CERTIFICATE OF SERVICE

On August 19, 2008,  Grant Kaplan, the undersigned, served the within:

Plaintiff's Complaint for Writ of Mandamus

On each person/entity listed below addressed as follows:


By certified mail:
MICHAEL CHERTOFF
Secretary of Homeland Security
Office of the General Counsel
United States Department of Homeland Security
Washington, DC 20528


By certified mail:
CONDOLEEZZA RICE
U.S. Secretary of State
U.S. Department of State
2201 C Street N.W.
Washington, DC 20520


By certified mail:
MICHAEL MUKASEY
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue
Washington D.C. 20530-0001

By Certified Mail:
JEFFREY TAYLOR
US Attorney for the District of Columbia
501 Third Street
NW Washington, DC 20001


By certified mail:
ROSEMARY MELVILLE,
Director U.S. Citizenship & Immigration Services
United States Department of Homeland Security

Office of the    Counsel
20 Massachusetts Ave
NW Room 45025
Washington DC 20536

By Certified mail:
LISA BOBBIE SCHREIBER HUGHES
US Ambassador to Suriname
US Dept of State
2201 C St. NW
Washington, DC 20520

By Certified Mail:
NATALIYA IOFFE
Consular Officer
United States Embassy Suriname
129 Dr. Sophie Redmondstraat
Paramaribo, Suriname

By Certified Mail:
WENDY WEBB
Consular Officer
United States Embassy Suriname
129 Dr. Sophie Redmondstraat
Paramaribo, Suriname

By Certified Mail:
MS. A ESPIE
Consular Officer
United States Embassy Suriname
129 Dr. Sophie Redmondstraat
Paramaribo, Suriname

Respectfully submitted,

_____
Grant Kaplan, Esq.
Counsel for Plaintiff.
7100 W. Camino Real, Suite 100
Boca Raton, FL 33433
Tel:  (561) 347-8337
Fax:  (561) 347-8292



*Embassy of the United States of America*

*Paramaribo, Suriname*

May 28, 2004

Dear Mr. van Ravenswaay,

My name is Nataliya Ioffe, and I am the new Vice Consul at the American Embassy here in Paramaribo. I am writing to respond to your inquiries regarding the denial of your non-immigrant visa application.

As you were informed in the March 30, 2004 communication (Optional Form 194), your visa application was denied due to ineligibility under Section 212(a)(2)(C) of the Immigration and Nationality Act (INA). You stated in your April 28, 2004 letter to Ambassador Barnes and your May 11, 2004 e-mail message to Ms. Lambert that you did not receive an explanation of the grounds for refusal of your application. I am attaching a copy of above section of the INA for your reference. I have highlighted the relevant paragraphs, and I hope that this clarifies the reason for refusal.

Please be advised that pursuant to your April 28 letter, our Consular Section is currently processing your request for a non-immigrant visa ineligibility waiver under INA Section 212(d)(3)(A). We are requesting consideration of your waiver request from the U.S. Department of State, and will contact you as soon as we receive their determination.

In the meantime, please do not hesitate to contact me in the Consular Section at (597) 472-900, extension 2235, if you have any questions or would like any additional information.

Sincerely,

Nataliya Y. Ioffe
Vice Consul



Embassy of the United States of America

Paramaribo, Suriname

March 28, 2006

Mr. Eric S. van Ravenswaay
Managing Director
N.V. Suriname Earth Moving Contractors
Kernkampweg 36
Paramaribo, Suriname

Dear Mr. van Ravenswaay:

I am responding to your February 7, 2006 letter on behalf of Ambassador Marsha Barnes. As you know, your visa application was denied due to ineligibility under Section 212(a)(2)(C) of the Immigration and Nationality Act (INA), and the Embassy's consular section forwarded your request for a non-immigrant visa ineligibility waiver under INA Section 212(d)(3)(A) directly to the U.S. Department of Homeland Security (DHS) after it was disapproved by the U.S. Department of State. The consular section included the supporting information you provided with the waiver request, and is currently waiting for a decision from the DHS.

The Embassy has carefully reviewed the details of your case. We believe that a meeting would not be useful or productive, and would like to request your patience in waiting for the DHS determination. In the meantime, we hope that after reflecting upon the grounds for refusal and the language of the INA Section 212(a)(2)(C), a copy of which we are enclosing, you would be able to better understand reasons for your visa denial. We regret to not be able to assist you any further.

Sincerely,

Nataliya Y. Ioffe
Vice Consul

Enclosure

Embassy of the United States of America
Dr Sophi Redmon straat,
Paramaribo, Suriname
**For the personal attention of;**
**The Ambassador Mrs. Lisa Bobbie Schreiber Hughes**

Paramaribo, September 10, 2007

Re: Visa for Eric S. van Ravenswaay

Dear Mrs. Schreiber,

My name is Eric van Ravenswaay, Managing Director and sole shareholder of
N.V. Suriname Earth Moving Contractors and  N.V. SEMC Hardware.
My company is, from 1992 on, engaged in large Earthmoving, Mining and Road construction
works on long-term contract basis for Major multinationals like BHP Billiton, Suralco
(Aluminum Company of America) and Rosebel Goldmines (Cambior)
We are providing employment for more than 400 employees.
Beside these contracting activities, our trading division (SEMC Hardware) is also the dealer
and general importer of several USA manufactured equipments and products such as;
John Deere-Hitachi Heavy equipment, Milwaukee Electric tools, Red Dot Air conditioners,
and others.

On March 26th 2004 I applied, according to the visa procedures from your embassy, for a Visa
for **business purposes.** My Visa request was well documented, but to my surprise a Visa was
refused because, for me, at that time unknown reasons.

From this time on I stayed in contact with the Embassy (consul), reapplying and providing
additional information. During this process I did received some astonishing information
indicating that the above refusal had something to do with "drug trafficking, and an airplane".
I suspected the reason for the denial of my visa request was the case were an airplane, that
was previously owned by our company, was sold by the 2nd owner (after SEMC), to a 3rd
owner who was under suspicious of illegal activities in the interior of Suriname.
Unfortunately, although agreed on, our company signs were not completely removed by the
first nor the 2nd buyer from the air plane, what caused some negative publicity for our
company. The transaction from the 2nd owner (after SEMC) to the final (3rd) owner was
approximate 3 years after we sold the airplane to the first buyer. We provided prove of all
sales transactions to the Embassy and it was clear that I nor my company had in any way
anything to do with these illegal activities, and we had sold this air plane a long time ago.
I immediately provided the consul at that time, miss. Nataliya Ioffe, apart from the above
airplane case, with all the information I could possibly think that might have caused this
mistake. Miss Ioffe informed me that she was able to determine that the finding of my visa
ineligibility was based on more than one incident/investigation (unfortunately she was not
allowed to disclose the details) and that the information I have provided, including the plane
transfer documents did not address the **entire basis** for my ineligibility. (but indeed did
partially).

Kernkampweg 36
P.O. Box 630
Paramaribo

# you can rely on us for every earthmoving challenge

As always, I was, and at that time convinced even stronger that the visa denial is based on completely wrong information. As I have explained on several occasions, my company as well as myself have never been involved in any criminal or illegal activities, have never been suspect and or convicted for any criminal or illegal actions and therefore find no valid reason for this misjudgment.

The consul, miss. Nataliya Ioffe advised me to apply for a waiver to have my visa request into consideration again. At first I did not agree to apply for a waiver because to my opinion, that was admitting that I was guilty, what of course was absolutely not true. As she told me this was the only way to get my case into investigation again, I gave in and applied for a waiver. I remain in contact with miss. Ioffe constantly, but at the time she left there was still no decision from DHS. I remained in contact with the Embassy and noted that the consul Miss Natalia Ioffe was replaced by Miss Wendy Webb. I consulted her also, and had some very pleasant and promising telephone conversations with her, but after some months I received a letter that my waiver request was refused.

I am convinced that you can understand my frustration because of this very unpleasant issue that is ruining several of my company's business opportunities and is hurting me and my family for something we have not committed nor have any thing to do with. Apart for not being able to visit the United States of America, even worse, my good reputation as the Managing Director of the SEMC group is at stake, absolutely wrongfully.

I am convinced that the solution to above situation will be easily found if the US Embassy and DHS could immediately spend some more thorough and detailed investigation in this matter to stop this long time very unfair accusation. After speaking with some specialists, they informed me that my request for a waiver probably has caused the idea at the U.S. Department of State's and DHS that I have admitted to be guilty, and that I was applying for an exception. This means that my case is wrongly approached and I therefore ask for a thorough reconsideration about this matter.

I will highly appreciate if you as the Ambassador and the Consul Miss Wendy Webb are willing to receive me to discuss the solution for this long pending en very unpleasant experience.

I am at all times willing to answer all questions concerned and will also provide all necessary information and documents to prove my case.

I am looking forward to your urgent reply and remain,

Sincerely yours,

N.V. Suriname Earth Moving Contractors

Eric S. van Ravenswaay
Managing Director
e-mail: eric_van_ravenswaay@earthmoving.sr
Website: www.earthmoving.sr
Mobile:08800027



Embassy of the United States of America
Dr Sophi Redmon straat,
Paramaribo, Suriname
**For the personal attention of;**
**The Ambassador Mrs. Lisa Bobbie Schreiber Hughes**

Paramaribo, September 10, 2007

Re: Visa for Eric S. van Ravenswaay

Dear Mrs. Schreiber,

My name is Eric van Ravenswaay, Managing Director and sole shareholder of
N.V. Suriname Earth Moving Contractors and N.V. SEMC Hardware.
My company is, from 1992 on, engaged in large Earthmoving, Mining and Road construction
works on long-term contract basis for Major multinationals.
We are providing employment for more than 400 employees.
Beside these contracting activities, our trading division (SEMC Hardware) is also the dealer
and general importer of several USA manufactured equipments and products.

On March 26th 2004 I applied, according to the visa procedures from your embassy, for a Visa
for **business purposes.** My Visa request was well documented, but to my surprise a Visa was
refused because, for me, at that time unknown reasons.

From this time on I stayed in contact with the Embassy (consul), reapplying and providing
additional information. During this process I did received some astonishing information
indicating that the above refusal had something to do with "drug trafficking, and an airplane".
I suspected the reason for the denial of my visa request was the case were an airplane, that
was previously owned by our company, was sold by the 2nd owner (after SEMC), to a 3rd
owner who was under suspicious of illegal activities in the interior of Suriname.
Unfortunately, although agreed on, our company signs were not completely removed by the
first nor the 2nd buyer from the air plane, what caused some negative publicity for our
company. The transaction from the 2nd owner (after SEMC) to the final (3rd) owner was
approximate 3 years after we sold the airplane to the first buyer. We provided prove of all
sales transactions to the Embassy and it was clear that I nor my company had in any way
anything to do with these illegal activities, and we had sold this air plane a long time ago.
I immediately provided the contact at that time, miss. Nataliya Ioffe, apart from the above
airplane case, with all the information I could possibly think that might have caused this
mistake. Miss Ioffe informed me that she was able to determine that the finding of my visa
ineligibility was based on more than one incident/investigation (unfortunately she was not
allowed to disclose the details) and that the information I have provided, including the plane
transfer documents did not address the **entire basis** for my ineligibility. (but indeed did
partially).

Kernkampweg 36
P.O. Box 630
Paramaribo
Telir(597) 433377
Bandt(597)442481
Web Site: www.earthmoving.sr





*Embassy of the United States of America*

*Office of the Ambassador*

October 19, 2007

Mr. Eric S. van Ravenswaay
Managing Director
N.V. Suriname Earth Moving Contractors
And N.V. SEMC Hardware
Kerkampweg 36
P.O. Box 630
Paramaribo, Suriname

Dear Mr. van Ravenswaay:

Thank you for your letter and recent telephone inquiries. As promised, I contacted our Embassy Consul, Mrs. Wendy Webb, and also the Admissibility Review Office of the Department of Homeland Security to elicit further information about your case.

I regret to (re)inform you that, as you know, the Department of Homeland Security (DHS) has denied your request for a waiver of your visa ineligibility, and this is the final decision. There is no other recourse in this case. We at the United States Embassy have no additional information that we can provide to you.

I regret that my response is not as you would like, but hope that you nevertheless find it useful as you consider your future travel plans.

Sincerely,

Lisa Bobbie Schreiber Hughes

Mr. Eric S. van Ravenswaay
Managing Director
N.V. Suriname Earth Moving Contractors
and N.V. SEMC Hardware
Kerkampweg 26
P.O. Box 630
Paramaribo, Suriname

JS-44
(Rev.1/05 DC)

<b>CIVIL COVER SHEET</b>

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ERIC S. VAN RAVENSWAAY | Michael Chertoff, Condoleeza Rice, Michael Mukasey, Rosemary Melville, Lisa Bobbie Schreiber Hughes, Nataliya Ioffe, A. Espie, Wendy Webb |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    99999 Suriname | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    88888 U.S. |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| GRANT KAPLAN <br> 7100 W. CAMINO REAL, SUITE 100 <br> BOCA RATON <br> FL 33433 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    **OR**    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
WRIT OF MANDAMUS: 28 U.S.C. s.1361

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ [_____]  Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  08/19/2008    SIGNATURE OF ATTORNEY OF RECORD

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.