UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC S. VAN RAVENSWAAY | ) | CASE NO.: |
| | ) | JUDGE: |
| Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL CHERTOFF, | ) | |
| Secretary of the Department of | ) | |
| Homeland Security | ) | |
| | ) | PLAINTIFF'S **AMENDED** |
| | | COMPLAINT |
| and | ) | FOR WRIT OF MANDAMUS |
| | ) | |
| CONDOLEEZZA RICE | ) | |
| U.S. Secretary of State | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL MUKASEY, | ) | |
| Attorney General | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LISA BOBBIE SCHREIBER HUGHES | | |
| US Ambassador to Suriname | ) | |
| | ) | |
| and | ) | |
| | ) | |

NATALIYA IOFFE
Consular Officer
United States Embassy Suriname

and

WENDY WEBB
Consular Officer
United States Embassy Suriname

and

MS. A ESPIE

1

**Consular Officer**
**United States Embassy Suriname**

_____

      COMES NOW Eric S. Van Ravenswaay, Plaintiff in the above-styled and numbered case and for his cause of action would show the following:

1. This action is brought against the Defendants to compel action on a Petition to grant Plaintiff permission to enter the U.S. under a B-1 nonimmigrant visa; to challenge the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion. Defendants have failed to refer Plaintiff's case to the Department for an advisory opinion, or reconsider their refusal, relating to the U.S. Embassy at Suriname refusing to grant petitioner a nonimmigrant visa or his subsequent petition for a waiver under 212 (d)(3). The U.S. Embassy in Suriname has stated the basis for refusing to issue Plaintiff's nonimmigrant visa since March 30, 2004 is under the INA §212(a)(2)(C).

## PARTIES

2. Plaintiff is the Managing Director and Sole Shareholder of a Corporate entity known as NV Suriname Earth Moving Contractors. NV is an earthmoving company that started operations more than 16 years ago in 1991. NV has become the most recognized heavy equipment contracting company in Suriname, and currently employs more than 400 hundred employees. Plaintiff needs to travel frequently to the United States for business purposes with his US suppliers.

3. Plaintiff first petitioned the U.S. Consulate in Paramaribo, Suriname in 2004 for a nonimmigrant visa. Plaintiff was advised on May 28, 2004, that his visa application was denied due to ineligibility under INA §212(a)(2)(c); and "you did

2

not receive an explanation of the grounds for refusal of your application". <u>See</u> copy of the said letter annexed as **Exhibit "1"**.

4. A further letter dated March 28, 2006 from the U.S. Consulate in Suriname, indicating that "the consular section is currently waiting a decision from the DHS"…..further states that "we believe that a meeting would not be useful or productive, and would like to request your patience in waiting for the DHS determination". <u>See</u> copy of the said letter annexed as **Exhibit "2"**.

5. Plaintiff subsequently sent a letter to the U.S. embassy in Suriname, stating his disappointment and disillusionment with the process and apparent attitude adopted by the U.S. Consulate in Suriname. Plaintiff was advised by consular officer, Natalya Ioffe to apply for a waiver, notwithstanding that Plaintiff did not believe that he required a waiver and had any necessity to do so, in that he had done nothing wrong whatsoever. <u>See</u> copy of the said letter annexed as **Exhibit "3"**.

6. Plaintiff addressed a further letter to the U.S. Consulate in Suriname, on September 10, 2007. Plaintiff stated the history regarding his application for a nonimmigrant visa, and his suspicions regarding the reluctance of the U.S. Consulate in issuing him with the nonimmigrant visa he is seeking. <u>See</u> copy of the said letter annexed as **Exhibit "4"**.

7. Ms. Hughes, the U.S. Ambassador to Suriname addressed a letter to Plaintiff on October 19, 2007 that she contacted the Embassy consul and the Department of Homeland Security to illicit further information. She further indicated that DHS denied his request for a waiver, and that this was a "final decision". Ms. Hughes further stated that "We at the United States Embassy have no additional information that we can provide to you". <u>See</u> copy of the said letter annexed as **Exhibit "5"**.

8. Plaintiff was later informed indirectly via an email, that the denial was due to drug trafficking and an airplane. Plaintiff provided proof of sales transactions,

3

confirming that his company had sold a plane to another party that subsequently may have been involved in illegal matters, which had nothing to do with Plaintiff or his company. Our client expressly denies all allegations of any illegal wrongdoings. Our client later found out from Officer Nataliya Ioffe at the US embassy that his visa denial was based on more than one incident/investigation apart from the incident with the plane, and given no further instructions as to the basis of his denial.

9. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security of the United States (the "Secretary"), and this action is brought against him in his official capacity. He is generally charged with the enforcement of the Immigration and Nationality Act ("INA"), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. INA S103 (a); 8U.S.C. S1103 (a). More specifically, the Secretary is responsible for the adjudication of applications for adjustment of status filed pursuant to INA S245, 8 U.S.C. S1255. The USCIS is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

10. Defendant Michael Mukasey is the Attorney General of the United States and this action is brought against him in his official capacity.

11. Defendant, Condoleezza Rice is the Secretary of State of the United States and is sued herein in her official capacity. Defendant Rice is responsible for the administration of the Immigration and Nationality Act as it relates to American consular offices. 8 U.S.C. 1104. Her rulings on matters of law are binding on American consular officers. 22 C.F.R. 41.121(d).

12. Defendant, Ms. Hughes is the United States Ambassador assigned to the United States Embassy in Suriname, under the jurisdiction of Defendant, Rice. This Defendant is sued herein in her official capacity.

## JURISDICTION

13. Jurisdiction in this case is proper under <u>Patel v. Reno</u>, 134 F.3d 929 (9th Cir. 1997), and <u>Mulligan v. Schultz</u>, 848 F.2d 655 (5th Cir 1988), and 22 C.F.R. S 40.6 (c) (d) (e), 28 U.S.C S1331 and 1361, 5 U.S.C S 701, et seq., and 28 U.S.C S2201 et seq. Relief is requested pursuant to said statutes.

## VENUE

14. Venue is proper in this court pursuant to 28 U.S.C S1391 (e), in that this action against officers and agencies of the United States in their official capacities, brought in a District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. More specifically, discussions and court proceedings took place within the jurisdiction of this court.

## CHALLENGING THE AUTHORITY OF THE SECRETARY OF STATE

15. Plaintiff has exhausted his administrative remedies. Plaintiff is not challenging the discretion of consul, but rather the authority of the Secretary of State, per <u>Mulligan v. Schultz</u>, 484 F. 2d 655 (5th Cir 1988), and Patel v. Reno 134 F.3d 929 (9th Cir. 1997).

## REFUSALS OF VISAS SHOULD BE IN CONFORMANCE WITH THE PROVISIONS OF 22 C.F.R 40.6 (c) (d) (e)

16. Under 22 C.F.R. S 40.6 (c), Plaintiff was denied the opportunity to overcome his ineligibility, even after presenting additional evidence, and his case was not referred to the Department for an advisory opinion. Under 22 C.F.R. S 40.6 (d), the Department did not request a report from the consular officer to review their denial of Plaintiff's immigrant visa . Under 22 C.F.R. S 40.6 (e), Plaintiff was denied reconsideration of refusal, despite Plaintiff remitting evidence and a waiver to overcome the ground of ineligibility on which the refusal was based.

## CAUSE OF ACTION

17. Plaintiff, as the Managing Director and sole shareholder of NV Suriname Earth Moving Contractors, a company employing more than 400 hundred employees in Suriname applied for a B-1 nonimmigrant visa in 2004.
18. Plaintiff's B-1 nonimmigrant visa application was denied, citing §212(a)(2)(C) as the basis for the denial.
19. Plaintiff to no avail, as previously documented by his correspondence with the US Consulate in Suriname has been unable to receive a basis for this decision and his previous attempts to file waivers have been unsuccessful.
20. The 212 (d)(3) waiver of inadmissibility allows a waiver of inadmissibility to individuals who seek to enter the US as non-immigrants. Thus, an individual who may not regain permanent residence in the U.S. may be successful in visiting family and friends, attend conferences, or even work and invest on an extended basis, through the issuance of this waiver.
21. A waiver under INA §212 (D)(3) is discretionary. IN Matter of Hranka (16 I&N Dec. 491 BIA 1978), the Board of Immigration Appeals (BIA) set for the requirements for considering such a waiver. The BIA noted that there is no requirement that the applicant's reasons to enter the United States be

6

"compelling". The BIA stated there were three factors for consideration, which Plaintiff clearly overcomes:

 A. The risk of harm to society – Plaintiff poses no risk of harm to society.

 B. The seriousness of the applicant's criminal law violation – Plaintiff has no criminal law violation, therefore this point is moot.

 C. The nature of the applicant's reasons for wishing to enter the U.S. – Plaintiff has substantial business interests, both in Suriname, and potential business interests in the United States, which urgently require his attendance. Plaintiff has also provided the US Consulate in Suriname with invitation letters from business men in the United States wishing to do business with Plaintiff.

22. The refusal of the United States Consulate/DHS to act affirmatively in this matter is arbitrary and not in accordance with the law. It is submitted that the parties have willfully and unreasonably delayed and refused to properly adjudicate this matter, depriving Plaintiff of the right to a formal and substantive decision on his status and peace of mind, to which he is entitled.

23. The US Consulate in Suriname has a duty to adjudicate Plaintiff's application in the light of the facts contained above, but has not done so.

24. The US Consulate, in violation of the Administrative Procedures Act, 5 U.S.C. §555(b), 701 et seq, unlawfully withheld delaying action to the detriment of Plaintiff, failed to carry out of adjudicative functions delegated to them by law in regard to Plaintiff's case.

25. Jurisdiction in this case is proper under Patel v. Reno, 134 F.3d 929 (9th Cir. 1997), and Mulligan v. Schultz, 848 F.2d 655 (5th Cir 1988), and 22 C.F.R. S 40.6 (c) (d) (e), 28 U.S.C S1331 and 1361, 5 U.S.C  S 701, et seq., and 28 U.S.C S2201 et seq. Relief is requested pursuant to said statutes.

7

26. Plaintiff has exhausted his administrative remedies. Plaintiff is not challenging the discretion of consul, but rather the authority of the Secretary of State, per Mulligan v. Schultz, 484 F. 2d 655 (5th Cir 1988), and Patel v. Reno 134 F.3d 929 (9th Cir. 1997).

27. Under 22 C.F.R. S 40.6 (e), Plaintiff was denied reconsideration of refusal, despite Plaintiff remitting evidence to overcome the ground of ineligibility on which the refusal was based.

28. The APA provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706 (1); see also 5 U.S.C. §555(b) (requiring agencies to conclude matters presented to them "within a reasonable time"); Mastrapasqua v. Shaughnessy, 180 F.2d 999, 1002 (2d Cir. 1950) ("in appropriate circumstances, [courts] can ....compel an official to exercise his discretion where he has obviously failed or refused to do so").

29. Under the APA and the mandamus power, courts have afforded relief to those aggrieved by unreasonable delay in the adjudication of visa applications. Kim v Ahscroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) (noting that "although there is no statutory or regulatory deadline by which the [agency] must adjudicate [an immigration] application, at some point defendants' failure to take any action runs afoul of [the APA]"; id. (stating that agency "does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely") (Internal quotation marks omitted); Agbemaple v. INS, 1998 WL 292441, *2(N.D. Ill. May, 18, 1998); Yu v. Brown, 36F. Supp. 2d 922, 929-30, 935 (D.N.M. 1999). Where delay is unreasonable, injunctive relief is warranted.

30. Patel v. Reno, 134 F.3d 929, 931-33 (9th Cir. 1998) (finding that delay was unreasonable and remanding with instruction to district court "to order the consulate to either grant or deny the visa applications" within 30 days); Raduga USA Corp. v. Dept of State, 2005 U.S. Dist. LEXIS 22941, *22(S.D. Cal. May

20, 2005) (finding that delay was unreasonable and ordering consul to adjudicate petition, despite government assurance that adjudication was imminent); <u>Nadler v. INS</u>, 737 F. Supp. 658, 659-60 (D.D.C. 1989) (noting earlier finding of unreasonable delay and order requiring government to adjudicate petition). Notably, in each of these cases the court granted relief even though no time frame for agency action had been specified by Congress or the agency itself.

31. Plaintiff has been damaged by the failure of Defendants to act in accordance with their duties under the law.

32. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. Sections 555(b), 701 et seq, are unlawfully withholding or unreasonably delaying action to the detriment of Plaintiff, have failed to carry out the adjudicative functions delegated to them by law in regard to Plaintiff's case.

## **REQUEST FOR RELIEF**

WHEREFORE in view of the arguments and authorities noted herein, Plaintiff respectfully prays that Court enters an Order:

1. Compelling Defendants/U.S. Consulate in Suriname to adjudicate the Plaintiff's application.
2. Compel Defendants/US Consulate in Suriname to offer Plaintiff precise reasons for denying his nonimmigrant petition and furthermore afford Plaintiff the right to refute any charges alleged.
3. Grant Plaintiff's nonimmigrant visa affording him the opportunity to come to the US temporarily.
4. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

_____
Grant Kaplan, Esq.
Counsel for Plaintiff.
7100 W. Camino Real, Suite 100

9

Boca Raton, FL 33433
Tel: (561) 347-8337
Fax: (561) 347-8292

10

## CERTIFICATE OF SERVICE

On August 19, 2008, Grant Kaplan, the undersigned, served the within:

Plaintiff's Complaint for Writ of Mandamus

On each person/entity listed below addressed as follows:

By certified mail:
MICHAEL CHERTOFF
Secretary of Homeland Security
Office of the General Counsel
United States Department of Homeland Security
Washington, DC 20528

By certified mail:
CONDOLEEZZA RICE
U.S. Secretary of State
U.S. Department of State
2201 C Street N.W.
Washington, DC 20520

By certified mail:
MICHAEL MUKASEY
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue
Washington D.C. 20530-0001

By Certified Mail:
JEFFREY TAYLOR
US Attorney for the District of Columbia
501 Third Street
NW Washington, DC 20001

By certified mail:
ROSEMARY MELVILLE,
Director U.S. Citizenship & Immigration Services
United States Department of Homeland Security

Office of the Counsel
20 Massachusetts Ave
NW Room 45025
Washington DC 20536

By Certified mail:
LISA BOBBIE SCHREIBER HUGHES
US Ambassador to Suriname
US Dept of State
2201 C St. NW
Washington, DC 20520

By Certified Mail:
NATALIYA IOFFE
Consular Officer
United States Embassy Suriname
129 Dr. Sophie Redmondstraat
Paramaribo, Suriname

By Certified Mail:
WENDY WEBB
Consular Officer
United States Embassy Suriname
129 Dr. Sophie Redmondstraat
Paramaribo, Suriname

By Certified Mail:
MS. A ESPIE
Consular Officer
United States Embassy Suriname
129 Dr. Sophie Redmondstraat
Paramaribo, Suriname

Respectfully submitted,

_____
Grant Kaplan, Esq.
Counsel for Plaintiff.
7100 W. Camino Real, Suite 100
Boca Raton, FL 33433
Tel: (561) 347-8337
Fax: (561) 347-8292